## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| NUTRAMAX LABORATORIES, INC., NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC., and NUTRAMAX LABORATORIES CONSUMER CARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ADAN TRADERS LLC, ANUS LOGISTICS, MUHAMMAD ALIZAI, MUHAMMAD Z NISAO, YOUNGCA LLC, ANKIT KUMAR, HDD; the Individuals, Partnerships, Business Entities, or Unincorporated Associations operating the eBay Seller Accounts "adantradersllc," "mjkalizai," "ankit_199877," "lionarol"; and JOHN DOES 1 THROUGH 10, each of which is an Individual, Partnership, Business Entity, or Unincorporated Association, <br><br> Defendants. | Civil Action No. <br><br> **JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

Plaintiffs Nutramax Laboratories, Inc. ("Nutramax Labs"), Nutramax

Laboratories Veterinary Sciences, Inc. ("Nutramax Vet"), and Nutramax

Laboratories Consumer Care, Inc. ("Nutramax Consumer") (collectively,

"Nutramax") file this Complaint against Adan Traders LLC, Anus Logistics, Muhammad Alizai, Muhammad Z Nisao, Youngca LLC, Ankit Kumar, HDD; the individuals, partnerships, business entities, or unincorporated associations behind the eBay Seller Accounts "adantradersllc," "mjkalizai," "ankit_199877," and "lionarol"; and John Does 1 through 10, each of which is an individual, partnership, business entity, or unincorporated association (all defendants, collectively, "Defendants") and in support thereof allege as follows:

**<u>NATURE AND BASIS OF ACTION</u>**

1.      This action has been filed to combat counterfeiters who are trading on the fame and goodwill of Nutramax's trademarks (including, among others, COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES) by advertising, selling, and/or offering for sale counterfeit COSEQUIN, COSAMIN, and AVMACOL products. These counterfeit products, the composition of which is completely unknown, may pose an immediate and serious threat to the safety and well-being of both humans and companion animals such as dogs and cats. This action is intended to protect consumers and their beloved pets from potentially dangerous, counterfeit supplements sold by and/or distributed by Defendants, including through the online retailer eBay, Inc. ("eBay").

2.      Defendants' actions constitute trademark infringement and counterfeiting in violation of Section 32(1) of the Lanham Act, 15 U.S.C.

§ 1114(1); unfair competition and false designation of origin in violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a); deceptive trade practices in

violation of O.C.G.A. §§ 10-1-370 *et seq*.; trademark infringement under the

common law of the state of Georgia; unfair competition under the common law of

the state of Georgia; and copyright infringement in violation of 17 U.S.C. § 501.

Nutramax seeks temporary, preliminary, and permanent injunctive relief, as well as

actual and statutory damages, disgorgement of profits, costs, and reasonable

attorneys' fees.

## THE PARTIES

3.      Plaintiff Nutramax Labs is a corporation organized and existing under

the laws of the state of South Carolina. Nutramax Labs maintains its headquarters

and principal place of business at 946 Quality Drive, Lancaster, South Carolina

29720. Nutramax Labs is the owner of the well-known COSEQUIN, COSAMIN,

AVMACOL, and NUTRAMAX LABORATORIES trademarks, which identify

health supplements sold to consumers throughout the United States and abroad.

4.      Plaintiff Nutramax Vet is a corporation organized and existing under

the laws of the state of South Carolina. Nutramax Vet also maintains its

headquarters and principal place of business at 946 Quality Drive, Lancaster, South

Carolina 29720. Nutramax Vet is a licensee of the well-known COSEQUIN and

NUTRAMAX LABORATORIES trademarks, which Nutramax Vet uses to identify

health supplements for companion animals sold to consumers throughout the United States and abroad.

5.    Plaintiff Nutramax Consumer is a corporation organized and existing under the laws of the state of South Carolina. Nutramax Consumer also maintains its headquarters and its principal place of business at 946 Quality Drive, Lancaster, South Carolina 29720. Nutramax Consumer is a licensee of the well-known COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES trademarks, which Nutramax Consumer uses to identify health supplements for humans sold to consumers throughout the United States and abroad.

6.    The individuals, partnerships, business entities, or unincorporated associations doing business as "adantradersllc" ("Adan Traders") have advertised, offered for sale, sold, and distributed counterfeit COSEQUIN products to consumers throughout the United States, including in the state of Georgia and in this District, including through the e-commerce platform eBay using the seller account name "adantradersllc." The counterfeit COSEQUIN product purchased from "adantradersllc" was sent in packaging displaying a return address of Adan Traders LLC, 614 McCracken Dr., Middletown, DE 19709-3314.

7.    Defendant Adan Traders LLC ("Adan Traders LLC") is a Delaware Limited Liability Company that lists a principal place of business at 614 McCracken Dr., Middletown, DE 19709. Adan Traders LLC is identified as the

return addressee of the counterfeit COSEQUIN product sold by Adan Traders. Upon information and belief, Adan Traders LLC personally authorized, directed, and/or participated in Adan Traders' infringing activities complained of herein.

8.   Muhammad Z Nisao ("Nisao") is a founder of Adan Traders LLC. Upon information and belief, Nisao personally authorized, directed, and/or participated in Adan Traders' infringing activities complained of herein. (Adan Traders, Adan Traders LLC, and Nisao collectively referred to herein as the "Adan Traders Defendants").

9.   The individuals, partnerships, business entities, or unincorporated associations doing business as "mjkalizai" ("Mjkalizai") have advertised, offered for sale, sold, and distributed counterfeit COSEQUIN and COSAMIN products to consumers throughout the United States, including in the state of Georgia and in this District, including through the e-commerce platform eBay using the seller account name "mjkalizai." The counterfeit COSEQUIN and COSAMIN products purchased from "mjkalizai" were sent in packaging displaying a return address of Anus Logistics, 11323 Chisholm Cir. NE, Unit C, Blaine, MN 55449-4560.

10.   Muhammad Alizai ("Alizai") is listed as the individual behind the "mjkalizai" seller account on eBay. The seller account lists Alizai's address as 6818 Roosevelt Blvd., Philadelphia, PA 19149. Upon information and belief, Alizai is the same as, related to, or otherwise affiliated with the individuals, partnerships,

business entities, or unincorporated associations responsible for operating the eBay seller account "mjkalizai" and thus personally authorized, directed, and/or participated in Mjkalizai's infringing activities complained of herein.

11.    Defendant Anus Logistics ("Anus Logistics") is a company of unknown origin identified as the return addressee of the counterfeit COSEQUIN and COSAMIN products sold by Mjkalizai and/or Alizai. Upon information and belief, Anus Logistics personally authorized, directed, and/or participated in Mjkalizai and/or Alizai's infringing activities complained of herein. (Mjkalizai, Alizai, and Anus Logistics collectively referred to herein as the "Mjkalizai Defendants").

12.    The individuals, partnerships, business entities, or unincorporated associations doing business as "ankit_199877" ("Ankit") have advertised, offered for sale, sold, and distributed counterfeit COSAMIN products to consumers throughout the United States, including in the state of Georgia and in this District, including through the e-commerce platform eBay using the seller account name "ankit_199877." The counterfeit COSAMIN product purchased from "ankit_199877" was sent in packaging displaying a return address of 6913 E. Castle Ave., Fresno, CA 93727.

13.    Defendant Youngca LLC ("Youngca") is a California Limited Liability Company that lists a principal place of business at 6913 E. Castle Ave.,

Fresno, CA 93727. Youngca LLC is identified as the return addressee of the counterfeit COSAMIN product sold by Ankit. Upon information and belief, Youngca personally authorized, directed, and/or participated in Ankit's infringing activities complained of herein.

14.     Ankit Kumar ("Kumar") is the registered agent of Youngca LLC. Kumar is identified as the return addressee of the counterfeit COSAMIN product sold by Ankit. Upon information and belief, Kumar personally authorized, directed, and/or participated in Ankit's infringing activities complained of herein. (Ankit, Youngca LLC, and Kumar collectively referred to herein as the "Ankit Defendants").

15.     The individuals, partnerships, business entities, or unincorporated associations doing business as "lionarol" ("Lionarol") have advertised, offered for sale, sold, and distributed counterfeit AVMACOL products to consumers throughout the United States, including in the State of Georgia and in this District, including through the e-commerce platform eBay using the seller account name "lionarol." The counterfeit AVMACOL product purchased from "lionarol" was sent in packaging displaying a return address of 315 Harbor Way, South San Francisco, CA 94080.

16.     Defendant Hdd ("HDD") is a company of unknown origin identified as the return addressee of the counterfeit AVMACOL products sold by Lionarol.

Upon information and belief, HDD personally authorized, directed, and/or participated in Lionarol's infringing activities complained of herein. (Lionarol and HDD collectively referred to herein as the "Lionarol Defendants").

17.    Upon information and belief, Defendants John Doe 1 through 10 are individuals, partnerships, business entities, or unincorporated associations who either (1) advertise, offer for sale, and sell counterfeit COSEQUIN, COSAMIN, and/or AVMACOL products to consumers throughout the United States, including in this district; (2) personally authorize, direct, and/or participate in such infringing activities; or (3) know or have reason to know of these infringing activities and materially contribute property or other assistance to those activities. Based on Nutramax's experience in prior counterfeiting cases, Does 1 through 10 are likely residents of foreign jurisdictions with weak intellectual property laws, policies, and enforcement.

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction over Nutramax's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1337, and 1338 because this action arises under the Lanham Act, 15 U.S.C. §§ 1051 et seq.

19.    This Court has supplemental jurisdiction over Nutramax's state and common law claims pursuant to 28 U.S.C. § 1367.

20.     This Court has recognized that because the Lanham Act provides for nationwide service of process in counterfeiting cases, where a defendant is served pursuant to a nationwide service of process statute, and the court is exercising federal question jurisdiction, the defendant must only have minimum contacts with the United States as a whole in order to be subject to personal jurisdiction in this Court.[1]

21.     Defendants are therefore subject to personal jurisdiction in this Court because they have satisfied the minimum contacts test by (1) residing in the United States and/or (2) purposefully availing themselves of the benefits of doing business in the United States by advertising, promoting, offering for sale, selling and/or distributing counterfeit COSEQUIN, COSAMIN and/or AVMACOL products to consumers located in the United States.

22.     Alternatively, Defendants are subject to personal jurisdiction in this Court because they have purposefully availed themselves of the benefits of doing business throughout the United States including in the state of Georgia by advertising, promoting, offering for sale, selling, storing, distributing, and/or shipping counterfeit COSEQUIN, COSAMIN and/or AVMACOL products to this

---

[1] *In re $uicideboy$ Trademark Litig.*, 796 F. Supp. 3d 1310, 1322, 1330-31 (N.D. Ga. 2025) ("[A] federal district court exercising federal question subject matter jurisdiction may obtain personal jurisdiction over a nonresident defendant served pursuant to a nationwide service of process provision, consistent with the due process requirements of the Fifth Amendment, so long as the defendant has minimum contacts with the United States.").

state, or aiding and abetting others in doing so. Upon information and belief, Defendants are therefore committing tortious acts in Georgia and have wrongfully caused Nutramax substantial injury in Georgia.

23.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) because Defendants, upon information and belief, are subject to personal jurisdiction in this district and are causing harm to Nutramax and consumers in this judicial district by advertising, offering to sell, selling, storing, distributing, and/or shipping counterfeit COSEQUIN, COSAMIN, and/or AVMACOL products in this district, shipping said products into this district, or distributing said products from this district for the purpose of being sold to consumers throughout the United States, including in this district.

## FACTUAL BACKGROUND

### I.  NUTRAMAX AND ITS PRODUCTS

24.    Nutramax researches, develops, and sells high-quality, innovative health supplements that are used for several purposes, including to support joint health and intestinal health and to facilitate the body's natural detoxification process.

25.    Since at least as early as 1992, Nutramax, on its own and through its licensed affiliates and resellers, has sold its health supplement products across the

United States through a diversified portfolio of well-recognized and widely-trusted brands.

26.     Nutramax's health supplement products are widely regarded as being among the best in the nutritional supplement industry because they are supported by research and studies, contain verified and validated active ingredients from reliable sources, and are manufactured in accordance with strict standards that ensure consumers receive a high-quality, safe, and effective product.

27.     Over the years, Nutramax has spent millions of dollars researching and developing its innovative health supplement products, and Nutramax devotes significant financial resources each year—in the form of marketing, advertising, and other initiatives—to building its brand as a provider of high-quality, safe, and effective health supplements.

28.     Nutramax promotes its COSEQUIN, COSAMIN, and AVMACOL products through heavily trafficked internet websites located at the domain names <nutramaxlabs.com>, <cosequin.com>, <cosamin.com>, and <avmacol.com>, as well as at industry conferences and in various trade publications. Additionally, Nutramax, either directly or through authorized distributors, sells its products through several well-known online retailers, including Walmart, Amazon, and Chewy.com.

   a.  **COSEQUIN**

29.    COSEQUIN is a joint health supplement for cats, dogs, and horses that contains chondroitin sulfate and glucosamine to help support healthy joints. COSEQUIN is the #1 veterinarian recommended retail joint health supplement in the United States.

30.    Since at least as early as 1992, Nutramax, on its own and through its predecessors in interest, has continuously and exclusively used the COSEQUIN mark in interstate commerce to identify a sub-brand of its health supplement products, including in this state.

31.    COSEQUIN Maximum Strength plus MSM for dogs, the specific product at issue in this case, is one of the most popular joint health products for dogs. Nutramax has generated significant sales of its COSEQUIN Maximum Strength plus MSM product nationwide, including in this judicial district.

32.    True and correct images of Nutramax's COSEQUIN Maximum Strength plus MSM product packaging are shown below:



**b. COSAMIN**

33.    COSAMIN is a supplement that supports joint health in humans through a proprietary combination of scientifically-backed ingredients designed to preserve joint cartilage and alleviate discomfort. In fact, Cosamin is the most researched glucosamine chondroitin joint supplement, clinically proven to help promote joint comfort.

34.    Since at least as early as 1992, Nutramax, on its own and through its predecessors in interest, has continuously and exclusively used the COSAMIN mark in interstate commerce to identify a sub-brand of its health supplement products, including in this state.

35.     COSAMIN DS, the specific product at issue in this case, is one of its most popular joint health products for humans combining Glucosamine HCI and Chondroitin Sulfate. Nutramax has generated significant sales of its COSAMIN DS product nationwide, including in this judicial district.

36.     True and correct images of Nutramax's COSAMIN DS product packaging are shown below:



**c. AVMACOL**

37.     AVMACOL is a supplement that supports the human body's natural detoxification process and facilitates the elimination of potentially harmful metabolites by promoting sulforaphane production. AVMACOL is the most

researched sulforaphane producing brand and has been thoroughly tested to meet the highest standards.

38.    Since at least as early as 2014, Nutramax, on its own and through its predecessors in interest, has continuously and exclusively used the AVMACOL mark in interstate commerce to identify a sub-brand of its health supplement products, including in this state.

39.    AVMACOL Extra Strength, the specific product at issue in this case, is one of Nutramax's most popular detoxification products for humans. Nutramax has generated significant sales of its AVMACOL Extra Strength product nationwide, including in this judicial district.

40.    Nutramax has generated significant sales of its AVMACOL Extra Strength product nationwide, including in this judicial district.

41.    True and correct images of Nutramax's AVMACOL Extra Strength product packaging are shown below:



**d.  The NUTRAMAX Marks**

42.    Since at least as early as 1992, Nutramax, on its own and through its predecessors in interest, has continuously and exclusively used the NUTRAMAX LABORATORIES mark in interstate commerce to identify its health supplement products, including in this state.

43.    Since at least as early as 2011, Nutramax, on its own and through its predecessors in interest, has continuously and exclusively used the NUTRAMAX LABORATORIES & Design mark (shown below) in interstate commerce to identify its health supplement products, including in this state.

16



44.    Since at least as early as 2014, Nutramax, on its own and through its predecessors in interest, has used its NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC. & Design mark (shown below) in interstate commerce to identify its health supplement products targeted to dogs, cats, and horses, including in this state.



45.    Since at least as early as 2014, Nutramax, on its own and through its predecessors in interest, has used its NUTRAMAX LABORATORIES CONSUMER CARE, INC. & Design mark (shown below) in interstate commerce to identify its health supplement products targeted to humans, including in this state.

![NUTRAMAX LABORATORIES CONSUMER CARE, INC.]

**e. Additional Packaging Marks**

46.    Since at least as early as 1999, Nutramax, on its own and through its predecessors in interest, has continuously and exclusively used the marks FCHG49

and TRH122 in interstate commerce to identify key ingredients in its products, namely, glucosamine and sodium chondroitin sulfate. In particular, Nutramax has made continuous and exclusive use of these marks in interstate commerce in connection with its COSAMIN and COSEQUIN joint supplement products.

47.    Since at least as early as 2018, Nutramax on its own and through its predecessors in interest, has continuously and exclusively used the mark MYROSIMAX in interstate commerce to identify a key ingredient in its AVMACOL supplement product.

48.    Since at least as early as 2015, Nutramax, on its own and through its predecessors in interest, has used the marks LOVE YOUR PET TRUST YOUR VET and LOVE YOUR PET TRUST YOUR VET & Design (shown below) in interstate commerce in connection with its health supplements for animals, including its COSEQUIN sub-brand.



49.    Since at least as early as 2003, Nutramax, on its own and through its predecessors in interest, has used the mark #1 VETERINARIAN RECOMMENDED BRAND & Design (shown below) to identify its valuable COSEQUIN joint health products.



50.    Since at least as early as 2015, Nutramax has continuously and exclusively used the marks UNLEASH THE POWER OF BROCCOLI and SULFORAPHANE PRODUCTION SYSTEM in interstate commerce in connection with its AVMACOL supplement products.

51.    The COSEQUIN, COSAMIN, AVMACOL, NUTRAMAX LABORATORIES, NUTRAMAX LABORATORIES & Design, NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC. & Design, NUTRAMAX LABORATORIES CONSUMER CARE, INC. & Design, FCHG49, TRH122, MYROSIMAX, LOVE YOUR PET TRUST YOUR VET, LOVE YOUR PET TRUST YOUR VET & Design, UNLEASH THE POWER OF BROCCOLI, SULFORAPHANE PRODUCTION SYSTEM, and #1 VETERINARIAN RECOMMENDED BRAND & Design marks, are collectively referred to hereinafter as the "Nutramax Marks."

**f.  Nutramax's Rights in the Nutramax Marks**

52.    Over the years, Nutramax has diligently protected the Nutramax Marks and accompanying goodwill.

53.    The Nutramax Marks appear prominently on its COSEQUIN, COSAMIN, and/or AVMACOL products and in advertising and marketing materials for those products.

54.    Through substantial advertising, promotion, and use, the Nutramax Marks serve to identify products that originate from Nutramax and Nutramax alone, and the Nutramax Marks are assets of significant value to Nutramax, as well as symbols of substantial consumer goodwill.

55.    In recognition of Nutramax's exclusive right to use the Nutramax Marks in commerce in the United States, the U.S. Patent and Trademark Office has issued Nutramax registrations for those marks, namely, U.S. Reg. Nos. 2,231,260; 4,077,241; 4,654,181; and 4,654,182 (NUTRAMAX LABORATORIES; NUTRAMAX LABORATORIES & Design; NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC. & Design; and NUTRAMAX LABORATORIES CONSUMER CARE, INC. & Design); U.S. Reg. No. 1,778,630 (COSAMIN); U.S. Reg. No. 1,791,253 (COSEQUIN); U.S. Reg. No. 5,662,197 (COSEQUIN); U.S. Reg. No. 4,514,965 (AVMACOL); U.S. Reg. No. 5,2588,958 (TRH122); U.S. Reg. No. 2,574,169 (FCHG49); U.S. Reg. No. 6,048,281 (MYROSIMAX); U.S. Reg. No. 5,138,096 (UNLEASH THE POWER OF BROCCOLI); U.S. Reg. No. 5,142,477 (SULFORAPHANE PRODUCTION SYSTEM); U.S. Reg. No. 3,869,100 (#1 VETERINARIAN RECOMMENDED

BRAND & Design); and U.S. Reg. Nos. 4,833,569 and 4,833,568 (LOVE YOUR

PET TRUST YOUR VET and LOVE YOUR PET TRUST YOUR VET &

Design). True and correct copies of these registration certificates are attached as

Exhibit A.

56.    The registrations for the Nutramax Marks are valid and subsisting in

law, were duly and legally issued, are *prima facie* evidence of the validity of the

marks registered and constitute constructive notice of Nutramax's ownership of

these marks in accordance with Sections 7(b) and 22 of the Lanham Act, 15 U.S.C.

§§ 1057(b) and 1072.

57.    The registrations for the Nutramax Marks are incontestable pursuant

to Section 15 of the Lanham Act (15 U.S.C. § 1065) and, pursuant to Section 33(b)

of the Act (15 U.S.C. § 1115(b)), constitute conclusive evidence of Nutramax's

exclusive right to use the marks registered therein in commerce in the United

States.

58.    By virtue of Nutramax's exclusive use of the Nutramax Marks in

interstate commerce, Nutramax is the exclusive owner of all right, title, and interest

in and to the Nutramax Marks and the registrations thereof.

**g.  Nutramax's Copyright Ownership of Product Packaging**

59.    The packaging design for Nutramax's COSEQUIN Maximum

Strength plus MSM for dogs 132 Count product shown above at Paragraph 32 (the

"Cosequin Packaging Design") is an original work of creative authorship owned by Nutramax protected by copyright law.

60.    In recognition of the copyright Nutramax owns in the Cosequin Packaging Design, the United States Copyright Office issued Nutramax Reg. No. VAu 2-309-250 for the 132-count Cosequin Maximum Strength plus MSM package.

61.    The packaging design for Nutramax's COSAMIN DS 210 Count product shown above at Paragraph 36 (the "Cosamin Packaging Design") is an original work of creative authorship owned by Nutramax protected by copyright law.

62.    In recognition of the copyright Nutramax owns in the Cosamin Packaging Design, the United States Copyright Office issued Nutramax Reg. No. VAu 2-308-655 for the 210-count Cosamin DS package.

63.    The packaging design for Nutramax's AVMACOL Extra Strength 75 Count product shown above at Paragraph 41 (the "Avmacol Packaging Design") is an original work of creative authorship owned by Nutramax protected by copyright law.

64.    In recognition of the copyright Nutramax owns in the Avmacol Packaging Design, the United States Copyright Office issued Nutramax Reg. No. VAu 2-317-782 for the 75-count Avmacol Extra Strength package.

65.    Copies of the copyright registrations for the Cosequin Packaging Design, the Cosamin Packaging Design, and the Avmacol Packaging Design (collectively, the "Packaging Designs") are attached hereto as Exhibit B.

66.    The copyright registrations for the Packaging Designs (collectively, the "Copyright Registrations") are valid and subsisting in law, were duly and legally issued, are *prima facie* evidence of the validity of Nutramax's copyrights in the Packaging Designs, and constitute constructive notice of Nutramax's ownership of the copyrights in the Packaging Designs in accordance with 17 U.S.C. §410(c).

67.    The Copyright Registrations for the Packaging Designs all have an effective date in 2022—well prior to the start of Defendants' actions complained of herein.

## II.  DEFENDANTS' UNLAWFUL CONDUCT

68.    The nutritional supplement industry is unfortunately plagued by companies that use poor-quality ingredients to lower production costs and increase profitability. In some cases, sellers resort to outright counterfeiting using unknown ingredients and putting consumers and their pets at significant risk.

### a.  Counterfeit COSEQUIN on eBay

69.    Within days of filing this Complaint, Nutramax confirmed that the Adan Traders Defendants and the Mjkalizai Defendants had engaged in the

advertising, offering for sale, and/or sale of counterfeit COSEQUIN products

under the seller names "adantradersllc" and "mjkalizai" respectively, through the

e-commerce retailer eBay.

### 1. The Adan Traders Defendants

70.     On January 8, 2026, Nutramax ordered one bottle of Cosequin

Maximum Strength plus MSM joint health supplement for dogs from the eBay

seller "adantradersllc" (the "Adan Traders Purchase"). Attached as Exhibit C is a

true and correct copy of the eBay order details for the Adan Traders Purchase,

showing the product was sold by the eBay seller "adantradersllc."

71.     The shipping label from the Adan Traders Purchase identifies the

return information as Adan Traders LLC, 614 McCracken Drive, Middletown, DE

19709-3314. Attached as Exhibit D is a true and correct copy of the shipping label

from the Adan Traders Purchase.

72.     An image of the front of Nutramax's genuine COSEQUIN Maximum

Strength plus MSM bottle is shown below on the left, and a photo of the front of

the COSEQUIN Maximum Strength plus MSM product from the Adan Traders

Purchase is on the right:

| Genuine COSEQUIN Maximum Strength plus MSM | Counterfeit COSEQUIN Maximum Strength plus MSM ("Adan Traders Purchase Bottle") |
|:---:|:---:|
|  |  |

73.     Upon careful examination of the Adan Traders Purchase Bottle, Nutramax determined that it was in fact counterfeit. True and correct photographs of the Adan Traders Purchase Bottle are included in Exhibit E.

74.     Although the counterfeit COSEQUIN Maximum Strength plus MSM product bottles are substantially similar to the authentic COSEQUIN Maximum Strength plus MSM product bottle in virtually every aspect (including text, stylization of text, color, images, shapes, and arrangement of elements on the package), the counterfeit packaging features key differences from genuine COSEQUIN Maximum Strength plus MSM product packaging that confirm the

product is counterfeit. Specifically, the Adan Traders Purchase Bottle is covered by a clear plastic seal with no words or markings, whereas the seal on genuine COSEQUIN bottles displays the Nutramax Laboratories logo.

75.     Upon information and belief, additional consumers intending to purchase Nutramax's COSEQUIN Maximum Strength plus MSM supplements have instead unknowingly purchased counterfeit COSEQUIN Maximum Strength plus MSM supplements being sold by the Adan Traders Defendants.

### 2. The Mjkalizai Defendants

76.     On January 8, 2026, Nutramax ordered one bottle of Cosequin Maximum Strength joint health supplement for dogs from the eBay seller "mjkalizai" (the "Mjkalizai Cosequin Purchase"). Attached as Exhibit F is a true and correct copy of the eBay order details for the Mjkalizai Cosequin Purchase, showing the product was sold by the eBay seller "mjkalizai."

77.     A screenshot of the eBay Order page for the Mjkalizai Cosequin Purchase shows that the Seller Name listed is Muhammad Alizai. Attached as Exhibit F is a true and correct copy of the Order Details page from the Mjkalizai Cosequin Purchase.

78.     The shipping label from the Mjkalizai Cosequin Purchase identifies the return information as Anus Logistics, 11323 Chisholm Circle NE, Unit C,

Blaine, MN 55449-4560. Attached as Exhibit G is a true and correct copy of the

shipping label from the Mjkalizai Cosequin Purchase.

79.    An image of the front of Nutramax's genuine COSEQUIN Maximum

Strength plus MSM bottle is shown below on the left, and a photo of the front of

the COSEQUIN Maximum Strength plus MSM product from the Mjkalizai

Cosequin Purchase is on the right:

| Genuine COSEQUIN Maximum Strength plus MSM | Counterfeit COSEQUIN Maximum Strength plus MSM ("Mjkalizai Cosequin Purchase Bottle") |
|---|---|



80.    Upon careful examination of the Mjkalizai Cosequin Purchase Bottle,

Nutramax determined that it was in fact counterfeit. True and correct photographs

of the Mjkalizai Cosequin Purchase Bottle are included in Exhibit H.

81.    Although the counterfeit COSEQUIN Maximum Strength plus MSM product bottles are substantially similar to the authentic COSEQUIN Maximum Strength plus MSM product bottle in virtually every aspect (including text, stylization of text, color, images, shapes, and arrangement of elements on the package), the counterfeit packaging features key differences from genuine COSEQUIN Maximum Strength plus MSM product packaging that confirm the product is counterfeit. Specifically, the Mjkalizai Cosequin Purchase Bottle is covered by a clear plastic seal with no words or markings, whereas the seal on genuine COSEQUIN bottles displays the Nutramax Laboratories logo.

82.    Upon information and belief, additional consumers intending to purchase Nutramax's COSEQUIN Maximum Strength plus MSM supplements have instead unknowingly purchased counterfeit COSEQUIN Maximum Strength plus MSM supplements being sold by the Mjkalizai Defendants.

**b.  Counterfeit COSAMIN on eBay**

83.    Within days of filing this Complaint, Nutramax confirmed that the Mjkalizai Defendants and the Ankit Defendants had engaged in the advertising, offering for sale, and/or sale of counterfeit COSAMIN products under the seller names "mjkalizai"/"Alizai" and "ankit_199877," respectively, through the e-commerce retailer eBay.

**1.  The Mjkalizai Defendants**

84.     On January 12, 2026, Nutramax ordered one bottle of Cosamin DS joint health supplement from the eBay seller "mjkalizai" (the "Mjkalizai Cosamin Purchase"). Attached as Exhibit I is a true and correct copy of the eBay order details for the Mjkalizai Cosamin Purchase, showing the product was sold by the eBay seller "mjkalizai."

85.     The shipping label from the Mjkalizai Cosamin Purchase identifies the return information as Anus Logistics, 11323 Chisholm Circle NE, Unit C, Blaine, MN 55449-4560. Attached as Exhibit J is a true and correct copy of the shipping label from the Mjkalizai Cosamin Purchase.

86.     An image of the front and the supplement facts side panel of Nutramax's genuine COSAMIN DS bottle is shown below on the left, and a photo of the front and supplement facts side panel of the COSAMIN DS product from the Mjkalizai Cosamin Purchase is on the right:

| Genuine COSAMIN DS | Counterfeit COSAMIN DS ("Mjkalizai Cosamin Purchase Bottle") |
|---|---|
|  |  |
|  |  |
| [Zoomed in] | [Zoomed in] |

| Genuine COSAMIN DS | Counterfeit COSAMIN DS ("Mjkalizai Cosamin Purchase Bottle") |
|---|---|
|  |  |

87.    Upon careful examination of the Mjkalizai Cosamin Purchase Bottle, Nutramax determined that it was in fact counterfeit. True and correct photographs of the Mjkalizai Cosamin Purchase Bottle are included in Exhibit K.

88.    Although the counterfeit COSAMIN DS bottles are substantially similar to the authentic COSAMIN DS bottle in virtually every aspect (including text, stylization of text, color, images, shapes, and arrangement of elements on the package), the counterfeit packaging features key differences from genuine COSAMIN DS product packaging that confirm the product is counterfeit. Specifically, the Mjkalizai Cosamin Purchase Bottle is covered by a seal that reads "SEALED FOR YOUR PROTECTION," whereas the seal on genuine COSAMIN DS bottles displays the Nutramax Laboratories logo. Further, the Mjkalizai Cosamin Purchase Bottle identifies a contact website of <nutramaxla***n***s.com> (emphasis added). This is not an actual Nutramax domain name. Genuine Cosamin

DS bottles include the domain for Nutramax's genuine website at

<nutramaxla*b*s.com> (emphasis added).

89.    Upon information and belief, additional consumers intending to

purchase Nutramax's COSAMIN DS supplements have instead unknowingly

purchased counterfeit COSAMIN DS supplements being sold by the Mjkalizai

Defendants.

## 2.    The Ankit Defendants

90.    On January 30, 2026, Nutramax ordered one bottle of Cosamin DS

joint health supplement from the eBay seller "ankit_199877" (the "Ankit

Purchase"). Attached as Exhibit L is a true and correct copy of the eBay order

details for the Ankit Purchase, showing the product was sold by the eBay seller

"ankit_199877."

91.    The shipping label from the Ankit Purchase identifies the return

information as Ankit Kumar, YoungCa, 6913 E. Castle Ave., Fresno, CA 93727.

Attached as Exhibit M is a true and correct copy of the shipping label from the

Ankit Purchase.

92.    An image of the front and the supplement facts side panel of

Nutramax's genuine COSAMIN DS bottle is shown below on the left, and a photo

of the front and supplement facts side panel of the COSAMIN DS product from the

Ankit Purchase is on the right:

| Genuine COSAMIN DS | Counterfeit COSAMIN DS ("Ankit Purchase Bottle") |
|---|---|
|  |  |
|  |  |
| [Zoomed in] | [Zoomed in] |
|  |  |

93.    Upon careful examination of the Ankit Purchase Bottle, Nutramax determined that it was in fact counterfeit. True and correct photographs of the Ankit Purchase Bottle are included in Exhibit N.

94.    Although the counterfeit COSAMIN DS bottles are substantially similar to the authentic COSAMIN DS bottle in virtually every aspect (including text, stylization of text, color, images, shapes, and arrangement of elements on the package), the counterfeit packaging features key differences from genuine COSAMIN DS product packaging that confirm the product is counterfeit. Specifically, the Ankit Purchase Bottle is covered by a seal that reads "SEALED FOR YOUR PROTECTION," whereas the seal on genuine COSAMIN DS bottles displays the Nutramax Laboratories logo. Further, the Ankit Purchase Bottle identifies a contact website of <nutramaxla*n*s.com> (emphasis added). This is not an actual Nutramax domain name. Genuine Cosamin DS bottles include the domain for Nutramax's genuine website at <nutramaxla*b*s.com> (emphasis added).

95.    Upon information and belief, additional consumers intending to purchase Nutramax's COSAMIN DS supplements have instead unknowingly purchased counterfeit COSAMIN DS supplements being sold by the Ankit Defendants.

**c.  Counterfeit AVMACOL on eBay**

96.    Within days of filing this Complaint, Nutramax confirmed that Defendant Lionarol had engaged in the advertising, offering for sale, and/or sale of counterfeit AVMACOL products under the seller name "lionarol" through the e-commerce retailer eBay.

97.    On January 13, 2026, Nutramax ordered one bottle of AVMACOL Extra Strength from the eBay seller "lionarol" (the "Lionarol Purchase"). Attached as Exhibit O is a true and correct copy of the eBay order details for Lionarol Purchase showing the product was sold by the eBay seller "lionarol."

98.    The shipping label from the Lionarol Purchase identifies the return information as: hdd, 315 Harbor Way, South San Francisco, California 94080. Attached as Exhibit P is a true and correct copy of the shipping label from the Lionarol Purchase.

99.    An image of the front of Nutramax's genuine AVMACOL Extra Strength bottle is shown below on the left, and a photo of the front of the AVMACOL Extra Strength product from the Lionarol Purchase is on the right:

| Genuine AVMACOL Extra Strength | Counterfeit AVMACOL Extra Strength ("Lionarol Purchase Bottle") |
|---|---|
|  |  |

100.   Upon careful examination of the purchased Lionarol Purchase Bottle, Nutramax determined that it was in fact counterfeit. True and correct photographs of the Lionarol Purchase Bottle are included in Exhibit Q.

101.   Although the counterfeit AVMACOL Extra Strength bottles are substantially similar to the authentic AVMACOL Extra Strength bottle in virtually every aspect (including text, stylization of text, color, images, shapes, and arrangement of elements on the package), the counterfeit packaging features key differences from genuine AVMACOL packaging that confirm the product is

counterfeit. Specifically, the Lionarol Purchase Bottle is covered by a clear plastic seal with no words or markings, whereas the seal on genuine AVMACOL bottles displays the Nutramax Laboratories logo.

102.   Upon information and belief, additional consumers intending to purchase Nutramax's AVMACOL Extra Strength have instead unknowingly purchased counterfeit AVMACOL Extra Strength supplements sold by Defendant Lionarol.

**d. The Harm to Nutramax and Danger to Consumers of Counterfeit Products**

103.   Counterfeit products, such as the fake COSEQUIN, COSAMIN, and AVMACOL products sold by Defendants pose an immediate threat to the safety of consumers and their pets.

104.   Even assuming the counterfeit products were harmless, because of the poor quality of the products consumers are likely to be disappointed by the products and attribute the poor quality and performance to Nutramax. In fact, at least two consumers have contacted Nutramax after being disappointed by counterfeit products distributed by the Defendants.

105.   Consumers, relying on the reputation of eBay, and the reputation of the COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES brands, have no reason to suspect the health supplement products they purchased on eBay are anything but genuine.

106.   In furtherance of the deceit, Defendants' counterfeit products are virtually exact replicas of the genuine articles, including the use of Nutramax's trademarks on the fake products to create the impression that Defendants' inferior and potentially dangerous products are authentic Nutramax products.

107.   Further, consumers and their pets are fraudulently being deprived of the bargained-for exchange—the joint health and detoxification support they need as well as the joint health support their pets need—all to the reputational detriment of Nutramax and the COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES brands.

108.   Accordingly, the presence of counterfeit products such as these denigrates and tarnishes the substantial goodwill Nutramax has labored to build in its COSEQUIN, COSAMIN, and AVMACOL products, in its other products, in the NUTRAMAX LABORATORIES brand, and in the company itself.

109.   Nutramax has no association or affiliation of any kind with the Defendants or their online businesses, and Nutramax has never authorized the Defendants to use the Nutramax Marks or the Packaging Designs, or to sell or distribute any COSEQUIN, COSAMIN, or AVMACOL products, or any other Nutramax product.

110.   Upon information and belief, numerous consumers have been misled by Defendants into believing that the Defendants are selling or distributing genuine

COSEQUIN, COSAMIN, or AVMACOL products, when in fact the goods have now been confirmed as sophisticated, and unfortunately convincing, counterfeits.

111.   The fact that Defendants' counterfeit products are such slavish imitations of Nutramax's genuine COSEQUIN, COSAMIN, and AVMACOL products, and are offered to consumers via eBay as being genuine Nutramax products, shows that Defendants' actions have been undertaken with malice, and constitute fraud upon consumers and upon Nutramax.

112.   As long as Defendants can continue to promote and sell their counterfeit products, Nutramax will lose its ability to control the use of its valuable marks. Upon information and belief, there is remaining stock of Defendants' counterfeit COSEQUIN, COSAMIN, and AVMACOL products in one or more third-party warehousing/fulfilment centers.

## COUNT I
### Trademark Infringement and Counterfeiting (15 U.S.C. § 1114)
### (Against all Defendants)

113.   Nutramax incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully repeated and restated herein.

114.   The trademarks COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES, and other Nutramax Marks serve to identify to the public goods that are offered by Nutramax alone, and the marks serve as symbols of the substantial goodwill Nutramax has built in its marks.

39

115.   Defendants are using counterfeit copies of Nutramax's federally registered trademarks COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES, and other Nutramax Marks in interstate commerce without Nutramax's authorization or consent in connection with the sale, offering for sale, or distribution of counterfeit goods in a manner that is likely to cause confusion, mistake, or deception as to whether the goods originate from Nutramax and/or as to whether the Defendants or their goods are sponsored or endorsed by, or associated or affiliated with, Nutramax.

116.   Defendants clearly have knowledge of Nutramax and their trademark rights and are intentionally using counterfeits of the trademarks COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES, and other Nutramax Marks in an effort to pass themselves off as being Nutramax or as one of Nutramax's authorized retailers or distributors, which they are not.

117.   Defendants' conduct constitutes knowing and willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

118.   Nutramax has no adequate remedy at law, and if Defendants' actions are not enjoined, Nutramax will continue to suffer irreparable harm to its reputation and the goodwill of its valuable trademarks COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES, and other Nutramax Marks.

119.    Defendants' conduct has further enabled them to earn profits to which they are not in law, equity or good conscience entitled, and has unjustly enriched Defendants, all to Defendants' profit and Nutramax's damage.

120.    As a result of the intentional, willful, and wanton actions of the Defendants as set forth above, Nutramax is entitled to a temporary, preliminary, and permanent injunction; to a seizure order pursuant to 15 U.S.C. § 1116(d); and to recovery of (1) an amount equivalent to three times Nutramax's actual damages or Defendants' profits, whichever is greater; (2) the costs of the action; and (3) reasonable attorneys' fees. As an alternative to (1), Nutramax may elect to recover statutory damages for willful counterfeiting in an amount not to exceed $2,000,000 per counterfeit mark per type of goods sold.

## COUNT II
### False Designations of Origin & False Descriptions (15 U.S.C. § 1125(a))
### (Against all Defendants)

121.    Nutramax incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully repeated and restated herein.

122.    Defendants are knowingly using counterfeit imitations of the trademarks COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES, and other Nutramax Marks without authorization or consent from Nutramax in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of counterfeit goods in a manner that is likely to

41

cause consumer confusion, mistake, or deception as to the true source of the goods and as to whether Defendants are associated or affiliated with, or sponsored or endorsed by Nutramax.

123.   Defendants' conduct constitutes false designations of origin and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

124.   As a direct and proximate result of Defendants' conduct, Nutramax has suffered actual and irreparable harm to its reputation and goodwill for which no adequate remedy exists at law. Defendants' conduct will continue to cause such injury unless and until enjoined by this Court.

125.   Defendants' conduct has further enabled them to earn profits to which they are not in law, equity or good conscience entitled, and has unjustly enriched Defendants, all to Defendants' profit and Nutramax's damage.

126.   As a result of the intentional, willful, and wanton actions of the Defendants as set forth above, Nutramax is entitled to a temporary, preliminary, and permanent injunction, and is entitled to recover (1) Nutramax's actual damages (which, at the Court's discretion, may be increased to an amount three times the amount proven as actual damages); (2) the Defendants' profits; (3) the costs of the action; and (4) because this is an exceptional case, reasonable attorneys' fees.

## COUNT III
### Georgia Uniform Deceptive Trade Practices Act (O.C.G.A. §§ 10-1-370 *et seq.*)

**(Against all Defendants)**

127.   Nutramax incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully repeated and restated herein.

128.   By virtue of its prior adoption and use in interstate commerce of the trademarks COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES, and other Nutramax Marks in this judicial district and elsewhere, Nutramax has acquired, established, and owns common law trademark rights in those marks, which serve to identify to the public health supplements that are offered by Nutramax, and the goods offered in connection with those marks are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Nutramax.

129.   Defendants are knowingly using counterfeit imitations of the trademarks COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES, and other Nutramax Marks without authorization or consent from Nutramax in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of counterfeit goods in a manner that is likely to cause consumer confusion, mistake, or deception as to the true source of the goods and as to whether Defendants are associated or affiliated with, or sponsored or endorsed by Nutramax.

130.    By using the trademarks COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES, and other Nutramax Marks on counterfeit Nutramax products, Defendants are falsely passing off their goods as those of Nutramax and unfairly trading on the goodwill and reputation of Nutramax.

131.    Defendants' conduct constitutes deceptive trade practices in violation of O.C.G.A. §§ 10-1-370 *et seq*.

132.    As a direct and proximate result of Defendants' conduct, Nutramax has suffered actual and irreparable harm to its reputation and goodwill for which no adequate remedy exists at law.

133.    Defendants' unfair and deceptive trade practices will continue to cause such injury unless and until enjoined by this Court.

134.    As a result of the intentional, willful, and wanton actions of the Defendants as set forth above, Nutramax is entitled to a temporary, preliminary, and permanent injunction, and is entitled to recover the costs of the action as well as its reasonable attorneys' fees.

**<u>COUNT IV</u>**
**Georgia Common Law Trademark Infringement**
**(Against all Defendants)**

135.    Nutramax incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully repeated and restated herein.

136.   By virtue of its prior adoption and use in interstate commerce of the trademarks COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES, and other Nutramax Marks in this judicial district and elsewhere, Nutramax has acquired, established, and owns common law trademark rights in those marks, which serve to identify to the public health supplements that are offered by Nutramax, and the goods offered in connection with those marks are regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Nutramax.

137.   Defendants are knowingly using counterfeit imitations of the trademarks COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES, and other Nutramax Marks without authorization or consent from Nutramax in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of counterfeit goods in a manner that is likely to cause consumer confusion, mistake, or deception as to the true source of the goods and as to whether Defendants are associated or affiliated with, or sponsored or endorsed by Nutramax.

138.   Defendants' conduct constitutes trademark infringement in violation of the common law of the state of Georgia.

139.   As a direct and proximate result of Defendants' conduct, Nutramax has suffered actual and irreparable harm to its reputation and goodwill for which

no adequate remedy exists at law. Defendants' conduct will continue to cause such injury unless and until enjoined by this Court.

140.  Defendants' conduct has further enabled them to earn profits to which they are not in law, equity or good conscience entitled, and has unjustly enriched Defendants, all to Defendants' profit and Nutramax's damage.

141.  As a result of the intentional, willful, and wanton actions of the Defendants as set forth above, Nutramax is entitled to a temporary, preliminary, and permanent injunction, and is entitled to recover (1) Nutramax's actual damages; (2) the Defendants' profits; (3) the costs of the action; and (4) reasonable attorneys' fees.

## COUNT V
## Georgia Common Law Unfair Competition
## (Against all Defendants)

142.  Nutramax incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully repeated and restated herein.

143.  By virtue of its prior adoption and use in interstate commerce of the trademarks COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES, and other Nutramax Marks in this judicial district and elsewhere, Nutramax has acquired, established, and owns common law trademark rights in those marks, which serve to identify to the public health supplements that are offered by Nutramax, and the goods offered in connection with those marks are

regarded by the public as being offered by, sponsored by, approved by, authorized by, associated with, or affiliated with Nutramax.

144.   Defendants are knowingly using counterfeit imitations of the trademarks COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES, and other Nutramax Marks without authorization or consent from Nutramax in interstate commerce in connection with the sale, offering for sale, distribution, and advertising of counterfeit goods in a manner that is likely to cause consumer confusion, mistake, or deception as to the true source of the goods and as to whether Defendants are associated or affiliated with, or sponsored or endorsed by Nutramax.

145.   Defendants' conduct constitutes unfair competition in violation of the common law of the state of Georgia.

146.   As a direct and proximate result of Defendants' conduct, Nutramax has suffered actual and irreparable harm to its reputation and goodwill for which no adequate remedy exists at law. Defendants' conduct will continue to cause such injury unless and until enjoined by this Court.

147.   Defendants' conduct has further enabled them to earn profits to which they are not in law, equity or good conscience entitled, and has unjustly enriched Defendants, all to Defendants' profit and Nutramax's damage.

148.   As a result of the intentional, willful, and wanton actions of the Defendants as set forth above, Nutramax is entitled to a temporary, preliminary, and permanent injunction, and is entitled to recover (1) Nutramax's actual damages; (2) the Defendants' profits; (3) the costs of the action; and (4) reasonable attorneys' fees.

## COUNT VI
## Copyright Infringement (17 U.S.C. § 501)
## (Against all Defendants)

149.   Nutramax incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully repeated and restated herein.

150.   The Packaging Designs are original works of creative authorship, and therefore protected by copyright law.

151.   Nutramax is the owner of all right, title, and interest to the copyright in the Packaging Designs, as is reflected in the Copyright Registrations.

152.   The designs of the packaging for Defendants' counterfeit COSEQUIN Maximum Strength plus MSM products are flagrant copies of the Cosequin Packaging Design.

153.   The designs of the packaging for Defendants' counterfeit COSAMIN DS products are flagrant copies of the Cosamin Packaging Design.

154.   The designs of the packaging for Defendants' counterfeit AVMACOL products are flagrant copies of the Avmacol Packaging Design.

155.  The fact that Defendants are selling counterfeit products using such flagrant copies of the Packaging Designs indicates that Defendants had access to, and were highly familiar with, the Packaging Designs.

156.  Without Nutramax's knowledge, authorization, or consent, Defendants copied the Packaging Designs for Defendants' counterfeit COSEQUIN Maximum Strength plus MSM, COSAMIN DS and AVMACOL Extra Strength packaging, which is substantially similar to the Packaging Designs in virtually every possible way.

157.  Defendants' unauthorized copying and distribution of the Packaging Designs constitutes copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501.

158.  Defendants' infringement of the Packaging Designs was done knowingly, willfully, deliberately, and with reckless disregard for Nutramax's rights.

159.  As a direct and proximate result of Defendants' copyright infringement, Nutramax has been damaged and Defendants have been unjustly enriched.

160.  As a direct and proximate result of Defendants' copyright infringement, Nutramax has suffered actual and irreparable injury for which no

adequate remedy exists at law, and will continue to suffer irreparable harm unless this Court enters injunctive relief.

161.    Nutramax is entitled to a temporary, preliminary, and permanent injunction against Defendants prohibiting them from distributing, copying, reproducing, duplicating, revising, altering or otherwise using the Packaging Designs and any materials or information related thereto.

162.    Nutramax is entitled, pursuant to 17 U.S.C. § 503, to an order for the impoundment of Defendants' counterfeit COSEQUIN Maximum Strength plus MSM, COSAMIN DS and AVMACOL Extra Strength packages.

163.    Nutramax is further entitled to (1) its actual damages and any of Defendants' profits not taken into account in computing those damages; (2) the costs of the action; and (3) reasonable attorneys' fees. As an alternative to (1), Nutramax may elect to receive statutory damages in an amount set by the Court of up to $150,000 per work infringed for the willful infringement of the Packaging Designs.

## **JURY TRIAL**

Nutramax hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, by virtue of Defendants' unlawful conduct as alleged in Counts I through VI of this Complaint, Nutramax respectfully prays that:

1.     The Court enter judgment that the trademarks COSEQUIN, COSAMIN, AVMACOL, and NUTRAMAX LABORATORIES, and other Nutramax Marks are valid and enforceable; that Nutramax owns the Nutramax Marks; that Defendants have infringed the marks and engaged in the sale of counterfeit products in violation of 15 U.S.C. § 1114; that Defendants have used false designations of origin and engaged in unfair competition in their advertising, promotion and sale of counterfeit products in violation of 15 U.S.C. § 1125(a); that Defendants have engaged in deception trade practices in violation of O.C.G.A. §§ 10-1-370 *et seq.*; that Defendants have infringed the marks in violation of Georgia common law; that Defendants have engaged in unfair competition in violation of Georgia common law; and that the Defendants have infringed the copyrights in the Packaging Designs in violation of 17 U.S.C. § 501;

2.     The Defendants, their affiliates, officers, agents, servants, employees, attorneys, representatives, and all persons acting for, with, by, through, under, or in active concert with them, be preliminarily and permanently enjoined and restrained from:

(a)     using the COSEQUIN, COSAMIN, AVMACOL, NUTRAMAX LABORATORIES, or other Nutramax Marks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or

sale of any product that is not a genuine COSEQUIN, COSAMIN, AVMACOL, or NUTRAMAX LABORATORIES product, or is not authorized by Nutramax to be sold in connection with the COSEQUIN, COSAMIN, AVMACOL, NUTRAMAX LABORATORIES, or other Nutramax Marks;

(b)     passing off, inducing, or enabling others to sell or pass off any product as a genuine COSEQUIN, COSAMIN, AVMACOL, or NUTRAMAX LABORATORIES product or any other product produced by Nutramax that is not Nutramax's product or not produced under the authorization, control, or supervision of Nutramax and approved by Nutramax for sale under the COSEQUIN, COSAMIN, AVMACOL, NUTRAMAX LABORATORIES, or other Nutramax Marks;

(c)     shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Nutramax, nor authorized by Nutramax to be sold or offered for sale, and which bear the COSEQUIN, COSAMIN, AVMACOL, NUTRAMAX LABORATORIES, or other Nutramax Marks or any reproductions, counterfeit copies, or colorable imitations thereof;

(d)     reproducing, creating derivative works from, distributing, or displaying the Packaging Designs in any manner; and

(e)     otherwise competing unfairly with Nutramax in any manner;

3.     The Court enter an Order that, upon Nutramax's request, Defendants and those in privity with Defendants and those with notice of the injunction, including any online retailers (including eBay), social media platforms, internet search engines, and email service providers for the Defendants, shall:

(a)     disable and cease providing services for any accounts through which Defendants engage in the advertising, promotion, or sale of counterfeit COSEQUIN, COSAMIN, AVMACOL, or NUTRAMAX LABORATORIES products using any of the COSEQUIN, COSAMIN, AVMACOL, NUTRAMAX LABORATORIES, or other Nutramax Marks;

(b)     disable and cease displaying any advertisements used by or associated with Defendants in connection with the advertising, promotion or sale of counterfeit COSEQUIN, COSAMIN, AVMACOL, or NUTRAMAX LABORATORIES products using the COSEQUIN, COSAMIN, AVMACOL, NUTRAMAX LABORATORIES, or other Nutramax Marks;

(c)     disable any financial accounts they control associated with the Defendants and deposit any funds in the accounts into the registry of the Court; and

(d)     sequester and quarantine any counterfeit products and, at Nutramax's request, either deliver those products to Nutramax or certify their destruction;

4.     Any PayPal, banking, or other financial accounts owned or used by any of the Defendants be disabled and any funds in the accounts deposited into the registry of the Court;

5.     The Defendants be ordered to pay to Nutramax an amount equivalent to three times Nutramax's actual damages or Defendants' profits (whichever is greater) stemming from use of the COSEQUIN, COSAMIN, AVMACOL, NUTRAMAX LABORATORIES, NUTRAMAX LABORATORIES & Design, NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC. & Design, NUTRAMAX LABORATORIES CONSUMER CARE, INC. & Design, FCHG49, TRH122, MYROSIMAX, LOVE YOUR PET TRUST YOUR VET, LOVE YOUR PET TRUST YOUR VET & Design, UNLEASH THE POWER OF BROCCOLI, SULFORAPHANE PRODUCTION SYSTEM, and #1 VETERINARIAN RECOMMENDED BRAND & Design marks pursuant to 15 U.S.C. § 1117(b); or, in the alternative, the Defendants be ordered to pay Nutramax statutory damages in the amount of $2,000,000 per COSEQUIN, COSAMIN, AVMACOL, NUTRAMAX LABORATORIES, NUTRAMAX LABORATORIES & Design, NUTRAMAX LABORATORIES VETERINARY

SCIENCES, INC. & Design, NUTRAMAX LABORATORIES CONSUMER

CARE, INC. & Design, FCHG49, TRH122, MYROSIMAX, LOVE YOUR PET

TRUST YOUR VET, LOVE YOUR PET TRUST YOUR VET & Design,

UNLEASH THE POWER OF BROCCOLI, SULFORAPHANE PRODUCTION

SYSTEM, and #1 VETERINARIAN RECOMMENDED BRAND & Design mark

used by the Defendant pursuant to 15 U.S.C. § 1117(c)(2);

6.    The Defendants be ordered to pay Nutramax an amount equivalent to

Nutramax's actual damages and Defendants' profits stemming from Defendants'

copying of the Packaging Designs; or, in the alternative, the Defendants be ordered

to pay Nutramax statutory damages in the amount of $150,000 per work infringed

for the willful infringement of the federally registered Packaging Designs pursuant

to 17 U.S.C. § 504;

7.    The Defendants be ordered to pay Nutramax its costs and reasonable

attorneys' fees incurred in connection with its copyright claim pursuant to 17

U.S.C. § 505;

8.    This case be deemed an exceptional case and Nutramax be awarded

recovery from Defendants of its costs and reasonable attorneys' fees incurred in

connection with its Lanham Act claims pursuant to 15 U.S.C. § 1117;

9.    Nutramax be granted such other, different, and additional relief as the

Court deems just and proper;

10.    The Defendants, within fourteen (14) days after service of judgment upon them, be ordered to file with the Court and serve upon Nutramax a written report under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the judgment.

Respectfully submitted, this 9th day of February, 2026.

By: */s/ Uly S. Gunn*
    Jason D. Rosenberg
    *jason.rosenberg@alston.com*
    Georgia Bar No. 510855
    Uly S. Gunn
    *sam.gunn@alston.com*
    Georgia Bar No. 261871
    Mary Grace Gallagher
    *marygrace.gallagher@alston.com*
    Georgia Bar No. 121954

    **ALSTON & BIRD LLP**
    One Atlantic Center
    1201 West Peachtree Street
    Atlanta, GA 30309-3424
    Telephone: 404-881-7000

    *Attorneys for Plaintiffs Nutramax*
    *Laboratories, Inc., Nutramax*
    *Laboratories Veterinary Sciences,*
    *Inc., and Nutramax Laboratories*
    *Consumer Care, Inc.*